IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN-PIERRE BANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5140-N-BN |
| | § | |
| ERIC H. HOLDER, JR., | § | |
| United States Attorney General, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

This is a civil action brought by John-Pierre Baney, appearing *pro se*, against the United States Attorney General. On December 17, 2012, Plaintiff tendered a one-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.

Plaintiff's entire Complaint reads:

Discriminated against the Complainant on the bases of race,

-1-

> sex, age and reprisal: 1. for prior EEO participation and under USERRA Act.
>
> 2. Harassing Complainant wife regarding his whereabouts while the Complainant was on leave away from Home. Management charge Complainant with AWOL.
>
> 3. Complainant was subjected to defamation of his character.

Dkt. No. 3 at 1. Plaintiff attached to his complaint an administrative judge's July 17, 2012 summary decision denying Plaintiff's discrimination claims related to (1) the denial of overtime on November 7, 2010, (2) his placement on "absent without leave" status in November 2010, and (3) defamation of character that allegedly occurred on February 14, 2011. *See id.* at 2-13.[1] Plaintiff also attached two orders granting *in forma pauperis* status in previous cases that he commenced in this Court, the cover page of a petition for review in the United States Court of Appeals for the Federal Circuit, and proof of United States Marshal's service in a prior case. *See id.* at 14-17.

The undersigned magistrate judge served written interrogatories on Plaintiff in order to obtain information about his suit's factual basis. *See* Dkt. No. 7. Plaintiff answered the interrogatories on January 17, 2013. *See* Dkt. No. 8.

As best the Court understands Plaintiff's responses, he claims that Attorney General Holder and 85 employees of the Department of Justice, Bureau of Prisons, and other governmental entities are responsible for numerous, largely unspecified

---

[1] On the same date, Plaintiff filed a civil complaint that appears to challenge allegedly discriminatory conduct that occurred between February 7 and May 10, 2011 and that was the subject of a companion case considered by the Equal Opportunity Employment Commission. That case is currently pending before another Judge of this Court. *See Baney v. Holder*, No. 3:12-cv-5142-M-BF.

violations of federal anti-discrimination and anti-retaliation statues in connection with his employment as a cook supervisor at FCI Seagoville and related discrimination proceedings. *See* Dkt. No. 8 at Question 1(a). He appears to allege that he was "disparately treated on the basis of race" when he was not permitted to switch work hours with a co-worker to care for his ailing wife and that his employer has repeatedly retaliated against him in an unspecified manner because of his prior administrative and civil cases. *See id.* at Questions 1(b) & 3. Plaintiff further states that Sam Deitelbaum, Maureen Cruz, Charles Monroe, and Mr. Maldonado committed acts of slander, defamation, or libel in prior discrimination proceedings instituted by Plaintiff. *See id.* at Question 6. Finally, Plaintiff alleges that Charles Monroe contacted Plaintiff's wife at home while Plaintiff was away participating in a Civil War re-enactment and "harrass[ed] her as to [his] whereabouts" and that he was later reprimanded and treated improperly by Warden Cruz and Sam Deitelbaum in connection with his leave. *See id.* at Question 7. Other than the defamation allegations against the four individuals, Plaintiff fails to identify any act or wrongdoing by the remaining defendants named in his interrogatory responses. *See* Dkt. No. 8.

The Court now determines that Plaintiff has failed to state a claim for relief and that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**Legal standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action,

supported by mere conclusory statements, will not suffice. *Id.*

A complaint that duplicates claims asserted in an earlier case may be deemed frivolous or malicious and is subject to summary dismissal. *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

**Analysis**

*Discrimination Claims*

Plaintiff complains that he was "[d]iscriminated against . . . on the bases of race, sex, age and reprisal[.]" Dkt. No. 3 at 1. When asked to expand upon his conclusory claims of discrimination or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"), Plaintiff cites a 2009 incident in which he was denied paid leave to care for his ailing wife, *see* Dkt. No. 8 at Question 1(b), and further explains:

> (a) The Plaintiff has been in protected activity for the past 9 years.
> (b) The fact[s] will show I was retaliated against because I had file[d] numerous law suits
> (c) The Defendants committed these act[s] of retaliation.
> (d) The Bureau of Prisons acted with a retaliatory motive ... because the Plaintiff had filed Whistleblower Protection, EEOC, USERRA Act.
> (e) If the court grants the Plaintiff a court date, the facts will be entering in Court.
> (f) List is attached.

*Id.* at Question 3.

As a threshold matter, Plaintiff's claims related to the denial of his 2009 leave have been raised in a prior case before the Court, *see Baney v. Holder*, No. 3:11-cv-

-5-

2922-D-BK, 2012 WL 3166298, at *2 (N.D. Tex. May 7, 2012), *rec. adopted*, 2012 WL 3191877 (N.D. Tex. Aug. 3, 2012), and should therefore be summarily dismissed as duplicative, *see Pittman,* 980 F.2d at 995; *Wilson,* 878 F.2d at 849-50.

To the extent that Plaintiff seeks to raise additional claims of discrimination or retaliation under Title VII, the Age Discrimination in Employment Act, the Family and Medical Leave Act, or any other federal statute, he has failed to make any factual allegations to support such a claim. *See Iqbal,* 556 U.S. at 679. Plaintiff does not specify how he was discriminated or retaliated against, the basis of discrimination, the defendant responsible, or any other information that could support a cause of action.

In addition, Plaintiff has already been informed that this Court lacks subject matter jurisdiction over his USERRA claims. *See Baney*, 2012 WL 3166298, at *4. "Insofar as Plaintiff requests this Court to review MSPB's prior decisions, he is well aware that this course of action is prohibited since the USERRA provides the Court of Appeals for the Federal Circuit, not the district courts, with jurisdiction over complaints by federal employees. *See* 38 U.S.C. 4324(d)(1)." *Id.* (citing prior cases that Plaintiff unsuccessfully litigated).

Plaintiff's claims for discrimination and retaliation should be summarily dismissed.

*Harassment Claims*

Plaintiff next appears to claim that his wife was harassed while he was participating in an annual Civil War re-enactment. *See* Dkt. No. 3 at 1; Dkt. No. 8 at Question 7. He alleges that Charles Monroe "calls my wife at my home harassing her

as to my whereabouts (she was recovering from cancer)." Dkt. No. 8 at Question 7. Plaintiff alleges that, when he returned to work, Sam Deitelbaum "started to become irate and started verbally attack[ing] me" and "reported to Warden Cruz that I should be place[d] on AWOL." *Id.*

To satisfy the case-or-controversy requirement of Article III of the United States Constitution, a plaintiff must establish that he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear,* 520 U.S. 154, 162 (1997). An injury in fact must be "concrete and ... actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). Moreover, "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. "At a minimum, Article III requires a party invoking federal jurisdiction to show that he has personally suffered some actual injury or is in immediate danger of sustaining some direct injury in fact as a result of the allegedly illegal conduct of the defendant." *Ass'n for Disabled Americans, Inc. v. 7-Eleven, Inc.,* No. 3:01-CV-230-H, 2002 WL 546478, at *2 (N.D. Tex. Apr. 10, 2002).

Here, however, Plaintiff has failed to state a claim for any injury suffered as a result of Monroe's conduct toward his wife. Similarly, Plaintiff has not indicated exactly how he was "verbally attacked" or how any statements by Monroe or Deitelbaum constituted harassment, resulted in some actual injury (or created immediate danger of sustaining an actual injury), or otherwise support any other

actionable claim.

Accordingly, this claim should be summarily dismissed.

*Defamation of Character*

In his complaint, Plaintiff claims that he "was subjected to defamation of his character." Dkt. No. 3 at 1. However, Plaintiff does not further explain – in his complaint or interrogatory responses – any factual basis to support this conclusory statement. As Judge Solis stated in one of Plaintiff's prior cases brought against many of the same parties whom he names in this case:

> "Defamation is a false statement about a person, published to a third party, without legal excuse...." *Fiber Sys. Int'l v. Roehrs,* 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop,* 166 S.W.3d 380, 384 (Tex. App. – Waco 2005, no pet.)). Plaintiff merely stated, among a list of various federal Acts and causes of action, that he is entitled to damages for defamation of character. Plaintiff has not identified any false statements to support a claim for defamation; thus, any claim for defamation of character must be dismissed.

*Baney v. Dep't of Homeland Sec.*, No. 3:07-cv-44-P, Dkt. No. 17 at 10 (N.D. Tex. July 17, 2007). This claim, too, should be summarily dismissed.

*EEOC Summary Decision*

Plaintiff attaches to his complaint a July 17, 2012 summary decision by an EEOC Administrative Judge. *See* Dkt. No. 3 at 2-13. That decision was implemented by the Complaint Adjudication Office's final order on September 20, 2012. *See* Dkt. No. 8 at 29-30. This decision apparently concerns Plaintiff's claims of wrongdoing in connection with the denial of overtime pay, placement on absent without leave status, and defamation of character that allegedly occurred in a February 14, 2011 email. *See*

-8-

Dkt. No. 3 at 3-4.

Federal Rule of Civil Procedure 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c). However, Rule 10(c) does not supercede Rule 8(a)'s requirement that a plaintiff set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Muttathottil v. Mansfield*, 381 F. App'x 454, 456-57 (5th Cir. 2010). A plaintiff must do more than simply attach a document to the complaint to state a claim for relief; he must also in some way identify the allegations that he wishes to incorporate into his lawsuit. *Id.* (citing *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984)).

Here, Plaintiff has submitted a complaint that makes absolutely no reference to the attached decision. *See* Dkt. No. 3 at 1. His interrogatory responses, too, fail to cite the decision or address the claims that were considered by the administrative judge. *See* Dkt. No. 8.

Plaintiff has failed to state a claim for relief for any of the wrongdoing alleged before the EEOC.

*Sanctions*

As Judge Toliver explained in one of Plaintiff's prior cases before this Court, Plaintiff has an "extensive filing history complaining of discriminatory and retaliatory employment practices." *Baney,* 2012 WL 3166298, at *4. Considering that 2011 case,

Judge Toliver explained:

> Plaintiff concedes that he has a long filing history. Since 2003, he filed at least (1) five cases in the United States Supreme Court; (2) one case in the United States Court of Appeals for the Fifth Circuit; (3) six civil cases in this Court alone, including this one and a more recent March 2012 case; (4) seventeen cases in the Federal Circuit Court of Appeals; (5) thirty cases with the Merit System Protection Board (MSPB); (6) twenty-five Unfair Labor Practice charges; (7) four Equal Employment Opportunity (EEO) "class action lawsuits;" and (8) thirty EEO cases.
>
> All four Northern District cases preceding this one have been dismissed. *See Baney v. Mukasey*, No. 3:06-cv-2064-L, 2008 WL 706917, 2008 WL 2673753 (N.D. Tex. Jan. 9 and June 11, 2008), *recommendations accepted* (N.D. Tex. Mar. 14 and June 30, 2008) (dismissing all claims for failure to state a claim and USERRA claims for lack of jurisdiction), *appeal dismissed for want of prosecution*, No. 08-10880 (5th Cir. 2009); *Baney v. Dep't of Homeland Security, et al.*, No. 3:07-cv-44-P (N.D. Tex. July 17, 2007) (dismissing Title VII, ADEA, USERRA, No Fear Act, Whistleblower Protection Act, HIPPA, EEOC regulations, and defamation claims); *Baney v. Dep't of Justice (Bureau of Prisons)*, No. 3:07-cv-922-P (N.D. Tex. Dec. 11, 2007) (dismissing Title VII, USERRA, No Fear Act, and Whistleblower Protection Act claims); *Baney v. Holder et al.,* No. 3:10-cv-2473-D (N.D. Tex. Mar. 30, 2011) (summarily dismissing at screening stage discrimination and retaliation claims).

*Id.* at *2-*3. Because of this extensive history of frivolous filings Judge Toliver warned Plaintiff that, "if he persists in filing frivolous lawsuits or lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind *in forma pauperis* and/or without prior court approval." *Id.* at *5 (citing FED. R. CIV. P. 1). Since then, the March 2012 case referenced by Judge Toliver was dismissed, *see Baney*

*v. Holder*, No. 12-CV-790-P, Dkt. No. 19 (N.D. Tex. Nov. 16, 2012), and Plaintiff has filed this case and *Baney v. Holder*, No. 3:12-cv-5142-M-BF, which is currently pending before another Judge of this Court.

It is well past time that Plaintiff should have ceased filing these repetitious and uniformly frivolous lawsuits before the Court. It is apparent that Plaintiff has no intention of abandoning his abuse of the judicial system. It appears that the only possible way to deter the plaintiff from filing frivolous suits in the future is to require that he receive the Court's permission prior to filing any new civil case. Therefore, this Court recommends that the District Court order Plaintiff to obtain the permission of a district judge or magistrate judge in the Northern District of Texas before filing any future civil litigation in this district. *See generally Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999); *Murphy v. Collins*, 26 F. 3d 541, 544 (5th Cir. 1994).

**Recommendation**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be barred from bringing any further civil action of any kind in the Northern District of Texas without first obtaining the permission of a district judge or magistrate judge.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation

to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE